

11990 SAN VICENTE BOULEVARD
SUITE 300
LOS ANGELES, CALIFORNIA 90049
TEL 310.207.4558
FAX 424.256.2689
www.tessergrossman.com

January 22, 2020



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/29/2020

**VIA ECF**

Honorable Alison J. Nathan, U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square; Room 906
New York, NY 10007

    Re:    **Elohim EPF USA, Inc. v. 162 D & Y Corp. et al.
            Case No. 1:19-cv-02431-AJN**

Hon. Alison J. Nathan:

      Pursuant to Local Rule 37.2, Plaintiff submits the following letter motion for a pre-motion discovery conference.

      On November 26, 2019 Plaintiff Elohim EPF USA, Inc. ("Elohim") served the following discovery on Defendants: 1) Requests for Admission; 2) Requests for Production of Documents; 3) Special Interrogatories; and 4) Requests for Entry Upon Land and Inspection. (the "Requests"). To date, Elohim has not received any responses or objections to its Requests, even though it has followed up with Defendants' counsel several times concerning this matter.

      The inspections requested by Elohim in the Requests for Entry Upon Land and Inspection were scheduled to take place between January 6, 2020 and January 10, 2020. On December 2, 2019, counsel for Elohim, Frank R. Trechsel, spoke telephonically with counsel at the Law Office of Kim and Cha on the issue of the scheduled inspections. Defense counsel advised that they did not believe the inspections were relevant, would not make the premises available for inspection and would be serving formal written objections in that regard. However, to date, no written objections have been served. Pursuant to Federal Rule of Civil Procedure § 34(b)(2)(A), Defendants had 30 days after service to respond in writing to Elohim's requests. That deadline passed on December 31, 2019 and Defendants have not provided responses or objections to Elohim's requests.

      Likewise, Defendants have not provided responses or objections to Elohim's Requests for Admission, Special Interrogatories, or Requests for Production of Documents. Pursuant to Federal Rules of Civil Procedure §§ 33, 34, and 36, Defendants' were obliged to respond to this discovery by no later than December 31, 2019.

ENDORSEMENT: Counsel for Defendants shall file a response to this Letter Motion (ECF No. 72) no later than Tuesday, February 4, 2020. Any reply by Plaintiff shall be filed no later than Thursday, February 6, 2020. The Court shall hold a Telephone Conference to address this Letter Motion at 11:30 a.m. on Monday, February 10, 2020. The parties shall call the Court's conference line at 212-805-0100 once all the parties are on the line. SO ORDERED.
Dated: January 29, 2020

*/s/ Stuart J. Aaron*

On January 6, 2020, Mr. Trechsel wrote a meet and confer letter to Defendants' counsel notifying Defendants of their failure to timely respond to any of the Requests. Mr. Trechsel requested that written responses be served no later than January 17, 2020 or, in the alternative, requested a time to telephonically meet and confer regarding Defendants' responses. Defendants counsel did not provide a time to meet and confer or otherwise respond to Mr. Trechsel's letter. On January 15, 2020, Mr. Trechsel called Defendants' counsel to telephonically meet and confer in accordance with the Court's local rules. Thomas Kim, Defendant's lead counsel, was unavailable. Mr. Trechsel spoke with an associate on the case who told Mr. Trechsel that he could expect a response to his letter or discovery responses by January 17, 2020. No response was received on January 17, 2020, or thereafter. Accordingly, the parties were not able to resolve the discovery dispute and Defendants have yet to furnish any written responses to Elohim's Requests, or provide new dates for Elohim to inspect the premises of the karaoke bar defendants.

Elohim respectfully requests that the Court compel Defendants to serve full and complete responses to Elohim's Requests without objection, and order dates for Defendants to make their karaoke bars available for inspections, as noticed. Defendants have waived any objections to the Requests as they failed to timely respond. Defendants did not contact Elohim's counsel to request an extension and have proffered no reason or excuse why they were unable to respond within the statutory time limit. "A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available." *UBS International Inc. v. Itete Brasil Instalacoes Telefonicas Ltd.,* No. 09 Civ. 4286, 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010) (citing *Smith v. Conway Organization, Inc.,* 154 F.R.D. 73, 76 (S.D.N.Y.1994)); *see also Labarbera v. Absolute Trucking, Inc.,* No. 08 CV 4581, 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available."); *Eldaghar v. City of New York Department of Citywide Administrative Services,* No. 02 Civ. 9151, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests."). " 'Any other result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.' " *Eldaghar,* 2003 WL 22455224, at *1 (alteration in original) (quoting *Slauenwhite v. Bekum Maschinenfabriken, G.m.b.h.,* 35 Fed.R.Serv.2d (Callaghan) 975, 975 (D.Mass.1983)).

Generally, courts will only impose waivers for tardiness under three conditions: (1) where there is no showing of good cause for the late response, (2) where a party has not responded to discovery requests despite court intervention, or (3) where a party has failed entirely to respond. *Callaway Golf Co. v. Corporate Trade Inc.,* No. 10 Civ. 1676, 2011 WL 1642377, at *2 (S.D.N.Y. April 25, 2011); *see also Labarbera,* 2009 WL 2496463, at *2 (imposing waiver in part because party had "not shown good cause for its failure to respond"); *Rahman v. Smith & Wollensky Restaurant Group, Inc.,* No. 06 Civ. 6198, 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007) (" 'Given the absence of a valid explanation for the defendant's failure to serve its objections in a timely manner, ... a finding of waiver is appropriate.' " (alteration in original) (quoting *Eldaghar,* 2003 WL 22455224, at *1)).

Based on the case law above, Elohim respectfully requests the Court compel Defendants to respond to all written discovery as soon as practicable and without objections. Defendants have provided no excuse for their tardiness, and have failed to respond at all. Furthermore, this is the third instance in which Defendants' counsel has been wholly uncooperative with efforts to move this case forward.

First, in preparation for the October 4, 2019 initial pre-trial conference, the Court ordered the parties to meet and confer and submit a joint proposed case management plan. Despite Elohim's best efforts to do so, Defendant's counsel was unresponsive and refused to engage in the requisite meet and confer process. Accordingly, on the required issues Elohim's counsel was forced to submit a unilateral case management plan and file a declaration regarding Defendants' non-compliance. [Dkt. No. 17.]

Second, on December 9, 2019, Elohim's counsel, Brandon Tesser, was forced to submit a second declaration of non-compliance because Defendants' counsel refused to cooperate in the preparation and submission of a joint letter seeking referral to a Magistrate Judge by the court's December 4, 2019 deadline. [Dkt. No. 63.]

Now, despite again reaching out by letter on January 6, 2020 letter, and by telephone on January 15, 2020, Defendants' counsel has once again failed and refused to cooperate with, let alone respond to, Elohim's counsel, thus necessitating the instant motion.

Given Defense counsel's continued lack of attention and diligence, Elohim respectfully requests the Court sanction both Defendants and their counsel for the costs associated with compelling this discovery and any other sanctions the court deems appropriate. Fed. Rule of Civ. Proc. § 37. Mr. Trechsel spent a total of 7.6 hours meeting and conferring, conducting legal research, and preparing the instant motion at a rate of $350 per hour. Therefore, Elohim respectfully requests sanctions jointly and severally against counsel Kim and Cha and Defendants in the amount of $2,660 for the costs associated with compelling this discovery. Elohim and its counsel have worked diligently to meet the Court's deadlines and prosecute this case, but Defendants have been nothing but uncooperative and disengaged. This is not an instance where reasonable minds differ on the validity of reasonable objections, but rather a party's refusal to engage in the discovery process, and therefore, the Court should, in its discretion, order Defendants to comply with their discovery obligations.

Very truly yours,

/s/ Brandon M. Tesser

BRANDON M. TESSER
Tesser | Grossman LLP