UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

ELOHIM EPF USA, INC., a California Corporation,

           Plaintiff,

-v-

162 D& Y CORP., a New York corporation d/b/a FLOWER KARAOKE; DONG HYUN HA, an individual; MANHATTAN ZILLER ZILLER, INC., a New York corporation d/b/a K2 KARAOKE; YURIND LEE, and individual; Y &P BAYSIDE CORP., a New York corporation d/b/a HAPPY KARAOKE; PHIL SOOK CHO, an individual; SING SING BELL, INC., a New York corporation d/b/a CHRISTMAS KARAOKE; JIN E AN, an individual; MUSICBOX KTV, INC., a New York corporation d/b/a MUSICBOX K-TV; ANTHONY KIM, an individual; M & S MUSIC STUDIO INC., a New York corporation d/b/a GAGOPA KARAOKE; HYE KYUNG HAN, an individual; SS NOBLESSE HOUSE, INC., a New York corporation d/b/a NOBLESSE HOUSE; YINGHUA HUANG, an individual; PLACE OF HAPPY & LUCKY INC., a New York corporation d/b/a THE KING KARAOKE; GUNHA SONG, an individual; NORAE HAHNUN JIB CORP., a New York corporation d/b/a OPEN KARAOKE; DONG HYUN HA, an individual; BIZMAX NY, INC., a New York corporation d/b/a WOW KARAOKE; LI BEOM KIM, an individual; HARMONY KARAOKE KTV, INC., a New York corporation d/b/a HARMONY KARAOKE; JOSEPH N. ZOINO, an individual; SWEETIE & VIP, INC., a New York corporation d/b/a I LUV LUXURY ROOM; KYUNG A. CHUNG, an individual; YS2 ENTERPRISES, INC., a New York corporation d/b/a CEO BUSINESS CLUB; HYUN HAK YI, an

Case No.: 19 CV 02431 (AJN)

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO VACATE MOTION OF ENTRY OF DEFAULT**

individual; EUNSIK SUN, an individual; G S GLOBAL CORP, a New York corporation d/b/a RED; DAVID RHEE, an individual; SOMETHING 1, INC., a New York corporation d/b/a SOMETHING; SUNNY TAE KIM, an individual, SAGWA NAMOO, INC., a New York corporation d/b/a SAGWA NAMOO; KYUNG SOON NAM, an individual; TOMATO 162, INC., a New York corporation d/b/a TOMATOKARAOKE ROOM; SUNG LAW KIM, an individual; and DOES 1 through 20, inclusive

Defendants.

## MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO VACATE ENTRY OF DEFAULT

Amit Deshmukh, Esq.
**DESH LAW LLC**
35-02 150th Place, Suite 206
Flushing, New York 11354
Tel:(862) 213-4960
      (201) 849-5246

*Counsel for Defendants Sing Sing Bell, Inc., a New York Corporation d/b/a Christmas Karaoke, Jin E. An, an individual, M & S Music Studio, Inc., a New York Corporation d/b/a Gagopa Karaoke, Hye Kyung Han, an individual, Bizmax NY, Inc., a New York Corporation d/b/a Wow Karaoke, and Li Beom Kim, an individual*

## **TABLE OF CONTENTS**

**Page**

ARGUMENT ................................................................. 1

I.    DEFENDANTS' ACTIONS DID NOT RISE TO THE LEVEL OF WILLFUL CONDUCT OR BAD FAITH..............................................................................................1

II.   DEFENDANTS HAVE SUFFICIENTLY SATISFIED ITS MERITORIOUS OR NON-FRIVOLOUS DEFENSE CLAIMS SUPPORTED BY CREDIBLE EVIDENCE....................2

A. Plaintiff inaccurately represents that all of the twenty-five (25) musical compositions listed in the Complaint are presumptively valid..............................................................................................................................2

B. The musical compositions are in fact registered by the Korean Music Copyright Association ("KMCA") and Plaintiffs have yet to provide a valid chain of title ownership other than a sub-publishing agreement between its parent company and its subsidiary..............................................................................................................................5

III.  PLAINTIFFS WILL NOT BE SO GREATLY PREJUDICED TO WARRANT THE DENIAL OF DEFENDANTS' MOTION TO VACATE ENTRY OF DEFAULT. .....5

CONCLUSION ................................................................. 6

## **TABLE OF AUTHORITIES**

Am. All. Ins. Co. v. Eagle Ins. Co.,
92 F.3d 57, 60 (2d Cir. 1996) ...............................1

Hamil Am. Inc. v. GFI, 193 F.3d 92, 98 (2d Cir. 1999) . ... ...2

Itar-Tass Russian News Agency v. Russian Kurier, Inc.,
153 F.3d 82, 89 (2d Cir. 1998) .......................... …..4

Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)..............1

Sony Corp. v. Elm State Elecs., Inc.,
800 F.2d 317, 320 (2d Cir. 1986)............................5

**ARGUMENT**

I. **DEFENDANTS' ACTIONS DID NOT RISE TO THE LEVEL OF WILLFUL CONDUCT OR BAD FAITH.**

A motion to vacate an entry of default is subject to a less rigorous standard than a Rule 60(b) motion to vacate a default judgment. Meehan v. Snow, 652 F.2d 274, 276 (2d Cir.1981). However, even in a default judgment context, the Court has concluded that "'excusable neglect' is to be construed generously." Am. All. Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 58 (2d Cir. 1996). While the Court recognizes that the degree of negligence in precipitating a default is a relevant factor to be considered in determining conduct of "willfulness," even a finding of gross negligence does not necessarily preclude relief. Id.

Defendants counsels' actions did not reach the level of a willful, deliberate or an act of bad faith. As stated previously in the certification of Defendants' corporate counsel, Changene Song, Esq., the matter was referred to outside counsel for reasons that its law firm did not handle federal cases in the State of New York. Evidence that Defendants' corporate counsel sought to continue its involvement in this action by preparing to file an application for *pro hac vice* does not support Plaintiff's claims that corporate counsel acted "willfully," by

1

"simply ignoring the complaint without action." Rather, while miscommunication between counsels as to issues of representation could very well constitute negligence or carelessness, counsels' actions did not rise to the level a willful, deliberate, or bad-faith act.

Furthermore, Desh Law LLC did not willfully delay in answering the complaint. Unexpectedly a business mentor and close colleague Randolph Newman, Esq., of Newman and Andriuzzi, Esqs., passed away after his battle with COVID-19 in April 2020. As a mentee and close colleague to Mr. Newman, it was necessary to assist his partner Mr. Andriuzzi to address outstanding matters in regards to dissolving and winding down the firm. Furthermore, there were complicated issues such as language barrier, time zone issues, and logistical issues, along with limited access and opportunities to contact my clients due to COVID-19.

## II. DEFENDANTS HAVE SUFFICIENTLY SATISFIED ITS MERITORIOUS OR NON-FRIVOLOUS DEFENSE CLAIMS SUPPORTED BY CREDIBLE EVIDENCE.

### A. Plaintiff inaccurately represents that all of the twenty-five (25) musical compositions listed in the Complaint are presumptively valid.

First, in order to establish a copyright infringement claim, Plaintiff must show "both ownership of a copyright and unauthorized copying by the defendant." Hamil Am. Inc. v. GFI,

2

193 F.3d 92, 98 (2d Cir. 1999). Although Plaintiff claims that all of its copyrights are presumptively valid, that statement is inaccurate and false.

A certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the valid ownership of a copyright *only if the certificate of a registration was made before or within five years after first publication of the work*, although that presumption of ownership may be rebutted. See 17 U.S.C. § 410(c). Otherwise, it is the plaintiff in a copyright infringement suit who bears the burden of proving ownership of the copyright. Therefore, out of the twenty-five (25) musical compositions listed in Plaintiff's Complaint, eight (8) musical compositions are not presumptively valid along with four (4) musical compositions that are missing the Certificate of Registration:

1. Hoe Sang_Kang Sung Hoon - Cert. Reg. # PA 2-040-867 (Registered August 17, 2016 and 1st Published July 1, 2002);
2. Ibueol_Eun Sarang Dwileul Ttalawa_Gummy - Cert. Reg. PA 2-028-639(Registered August 17, 2016 and 1st Published October 26, 2009);
3. Ga Sum A-Pa Do - Cert. Reg. #PA 1-964-037 (Registered August 21, 2015 and 1st Published May 1, 2005);
4. Gondrae Mandrae - Cert. Reg. # PA 1-964-047 (Registered August 21, 2015 and 1st Published August 8, 2006);
5. It Ji Mal A Yo - Cert. Reg. # PA 1-963-957 (Registered August 21, 2015 and 1st Published October 13, 2009);
6. Kong Kak Ji - Cert. Reg. # PA 1-964-035 (Registered August 21, 2015 and 1st Published May 10, 2005);
7. Go Hae - Cert. Reg. # SR 740-303 (Registered November

22, 2013 and 1st Published September 1, 1988);
8. Sa Rang A - Cert. Reg. # PA 1-964-033 (Registered May 23, 2015 and 1st Published December 18, 2006);
9. (Missing Certificates of Registration) 9) Jeong Sin I Na Gat Eot Na Bwa (PA 1-965-031); 10) Tteol Eo Jinda Nun Mul-I (PA 2-040-5479); 11) Ma Boy (SR0000735001); and 12) Hot Boy_Big Star (PA 2-028-617).

> **B) The musical compositions are in fact registered by the Korean Music Copyright Association ("KMCA") and Plaintiffs have yet to provide a valid chain of title ownership other than a sub-publishing agreement between its parent company and its subsidiary.**

"An owner (including one determined according to foreign law) may sue for infringement in a United States court only if it meets the standing test of 17 U.S.C. § 501(b), which accords standing only to the legal or beneficial owner of an "exclusive right." Itar-Tass Russian News Agency v. Russian Kurier, Inc., 153 F.3d 82, 91 (2d Cir. 1998). Since the alleged works infringed are foreign, "the issue of ownership of the copyright is determined according to the law of the country which has the closest relationship to the works while the issue of copyright infringement will be determined according to the law of the country of infringement." Id.

Defendants have never claimed that Elohim EPF Korea, Ltd. be required to register musical compositions with the KMCA. However, since the musical compositions related to this lawsuit are all registered with KMCA by its original authors, the

publisher must have either obtained its assignment or license from the KMCA or have had the author assign its copyright directly to the publisher. However, Plaintiff does not produce either except for the sub-publishing agreement between Elohim EPF Korea and Elohim EPF USA, Inc. Therefore, once again, Plaintiff has not adequately established that Elohim EPF USA, Inc. is the owner of the copyrights because it does not provide a full chain of ownership of a valid assignment that is properly authenticated.

### III. PLAINTIFFS WILL NOT BE SO GREATLY PREJUDICED TO WARRANT THE DENIAL OF DEFENDANTS' MOTION TO VACATE ENTRY OF DEFAULT.

As this case alleges various infringement claims against Defendants, and considering the large sums of money involved in this matter, the Court prefers a "resolution of disputes on their merits" and "should not be determined by default judgments if it can reasonably be avoided." <u>Sony Corp. v. Elm State Elecs.</u>, Inc., 800 F.2d 317, 320 (2d Cir. 1986). In balancing the weighing factors of its current stage in litigation, compared to a harsh result if this motion to vacate entry of default is denied, Plaintiff will not be so prejudiced should the Court grant Defendants' motion.

## CONCLUSION

In light of the aforementioned factors, Defendants, Sing Sing Bell, Inc., a New York Corporation d/b/a Christmas Karaoke, Jin E. An, an individual, M & S Music Studio, Inc., a New York Corporation d/b/a Gagopa Karaoke, Hye Kyung Han, an individual, Bizmax NY, Inc., a New York Corporation d/b/a Wow Karaoke, and Li Beom Kim, an individual respectfully request that Defendants' motion to vacate entry of default be granted so that the matter can be adjudicated on the merits of the case.

Respectfully Submitted,

*/s/ Amit Deshmukh*

Amit Deshmukh, Esq.
**DESH LAW LLC**
35-02 150th Place, Suite 206
Flushing, New York 11354
Tel:(862) 213-4960
    (201) 849-5246

6