# AHNE & JI, LLP
### ATTORNEYS AT LAW

1220 Broadway, Suite 502
New York, New York 10001
Tel.: (212) 594-1035   Fax: (212) 967-1112
Email: info@ahnejilaw.com
Website: www.ahnejilaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/3/2021

August 30, 2021

*Via ECF*
Hon. Stewart D. Aaron, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 11C
New York, NY 10007

ENDORSEMENT: Pursuant to Paragraph II.B.1 of the Court's Individual Practices, Plaintiff's response to this letter motion was due yesterday, September 2, 2021. Any response shall be filed by Tuesday, September 7, 2021. Any reply shall be filed by Thursday, September 9, 2021. SO ORDERED.  Dated: September 3, 2021

*/s/ Stewart D. Aaron*

Re:   Elohim EPF USA, Inc. v. 162 D & Y Corp., et al.
        Civil Action No.: 1:19-cv-02431-AJN-SDA

Dear Judge Aaron:

   This office represents Defendants 162 D & Y Corp., Y & P Bayside Corp., Musicbox KTV, Inc., SS Noblesse House, Inc., Place of Happy & Lucky, Inc., YS2 Enterprises, Inc., Sagwa Namoo, Inc., Open Karaoke Corp., Whitestone Bell, Inc., Base Karaoke, Inc., Dong Hyun Ha, Phil Sook Cho, Hyun Hak Yi, Kyung Soon Nam, Anthony Kim, Kyung A. Chung, Ku Ho You, Winnie H. Chung, and Dong Hun Kim (the "Defendants") in the above-referenced matter.  We are submitting this letter motion seeking the Court's Order compelling the Plaintiff to produce and supplement the requested discovery materials in this matter.

   Defendants diligently pursued the discovery during the reopened discovery period by timely and properly serving the Plaintiff with the Defendants' First Request for Production of Documents (the "First Request") on July 13, 2021, the Defendants' Second Request for Production of Documents (the "Second Request") on July 27, 2021, and the Defendants' Third Request for Production of Documents (the "Third Request") on August 6, 2021.  Additionally, the Defendants diligently conducted deposition of the Plaintiff by deposing Mr. David Cha, the president of the Plaintiff, on August 3, 2021.

   During the deposition of the Plaintiff, the Defendants learned a lot of new information. Based on that, the undersigned made a series of requests for production of newly discovered or learned discovery materials during said deposition, and the undersigned subsequently followed-up with the Third Request which was made based upon the information learned during the deposition of the Plaintiff.

1

During the deposition, the Plaintiff, through Mr. Cha, admitted that there are two different versions of the Subpublishing Agreements – one originally written in Korean and the other written in English – both of which were executed – and that the Subpublishing Agreements written in English are the translated versions of the original Agreements written in Korean. Based on Mr. Cha's testimony, the Defendants proceeded to request for production of copies of the original Subpublishing Agreements written in Korean, as well as accompanying notarized affidavits of translator. This was only one of the instances that the Defendants learned of new information and the existence of other relevant, discoverable materials that had not been produced by the Plaintiff to date. For the Court's reference, a true and accurate copy of the Third Request is attached hereto as an exhibit.

Despite the Defendants' good faith attempts to obtain documents responsive to the Third Request, the Plaintiff repeatedly indicated that it will not provide its response to the Third Request during the deposition, and during the subsequent email correspondence and phone conversation between the undersigned and the Plaintiff's counsel, because the Plaintiff's 30-day period to respond to the Third Request falls outside the scheduled discovery deadline.

On August 19, 2021, the Defendants attempted, in good faith, to stipulate an extension of time for the Plaintiff to respond to the Third Request without judicial intervention. However, the Plaintiff refused to stipulate. On August 26, 2021, the Plaintiff's counsel served the Plaintiff's response to the Second Request, and the response was filled with objections, and not even a single requested document was produced by the Plaintiff. On August 27, 2021, the undersigned contacted the Plaintiff's counsel by calling his office in order to resolve the discovery disputes, but no one answered the phone. On August 30, 2021, the undersigned once again contacted the Plaintiff's counsel by calling his office, but no one answered the phone. In order to get a hold of the Plaintiff's counsel, the undersigned followed-up with an email requesting his phone call. In response, the Plaintiff's counsel stated in sum and substance that he is not sure what there is to discuss vis-a-via the Parties' discovery, the discovery cut-off was on the 27th, and he now has a hard deadline to file a motion for summary judgment.

Rule 26 of the Federal Rules of Civil Procedure provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy . . . of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). Rule 26 further provides that a party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory, request for production, or request for admission must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing or as ordered by the court. Fed. R. Civ. P. 26(e)(1)(A)-(B). The duty to supplement applies whether the corrective information is learned by the client or the attorney, and extends not only to newly discovered evidence, but to information that was not originally provided although it was available at the time of the initial disclosure or response. *American Friends of Yeshivat Ohr Yerushalayim, Inc. v. United States*, 2009 WL 1617773, \*5 (E.D.N.Y. Jun. 9, 2009). The duty to supplement continues even after the discovery period has closed. *See, e.g., McKinney v. Connecticut*, 2011 WL 166199, \*2 (D. Conn. Jan. 19, 2011) ("fact that discovery has closed has

no bearing on [d]efendant's duty to supplement under Rule 26[e]"); *Allen v. Colgate-Palmolive Co.*, 1985 WL 191, *1 (S.D.N.Y. Jan. 14, 1985) ("[t]he obligation to update and supplement responses [to discovery requests] continues even after the close of discovery"). The purpose of Rule 26(e) is to prevent the "sandbagging" of a party with new evidence at trial or on a motion. *See Ebewo v. Martinez*, 309 F.Supp.2d 600, 607 (S.D.N.Y. 2004).

Further, Rule 26(e) provides that the court may order a party to supplement its production. Fed. R. Civ. P. 26(e)(1)(B) ("party must supplement discovery 'as ordered by the court'"); *see also, Phil Crowley Steel Corp. v. Macomber, Inc.*, 601 F.2d 342, 344 (8th Cir. 1979) (determining whether a party has duty to supplement under Rule 26(e) is "committed to the sound discretion" of the court); *Walton v. Best Buy Co., Inc.*, 2010 WL 1494612, *2 (E.D. Mich. 2010) (ordering party to supplement responses under Rule 26[e]). Alternatively, a party failing to supplement may be precluded from using the withheld information as evidence on a motion, at a hearing or at trial. Fed. R. Civ. P. 37(c)(1).

Here, the Defendants respectfully submit that pursuant to Rule 26(a) and (e), the Plaintiff has duty to disclose responsive Subpublishing Agreements, Publishing Agreements, Agreements on Management and Assignment of Copyright, and other documents that will be used by the Plaintiff to prove a valid chain of title for the 25 subject songs at issue. Plaintiff's contention that it is not required to produce the requested materials in the Third Request because the 30-day period to respond falls outside the scheduled discovery deadline is misplaced. The plain language of the rule, as well as the relevant case law, refutes the Plaintiff's erroneous contention that it is not required to supplement discovery because the duty to supplement continues even following the close of discovery. *See, e.g., Allen*, 1985 WL 191, at *3 (granting motion to compel under Rule 26[e] filed after the close of discovery and shortly before trial); *In re BankAtlantic BanCorp., Inc.*, 2010 WL 3294342, *5 (S.D. Fla. 2010) (motion to compel supplementation filed after close of discovery was not untimely).

Moreover, the Plaintiff's refusal to produce the requested materials in the Second Request and its failure to respond to the Third Request would prejudice the Defendants' ability to litigate the relevant issues, such as issues pertaining to a valid chain of title for the 25 subject songs at issue. The documents to be produced are key pieces. Without such documents, the Defendants would not be able to adequately defend against the Plaintiff's motion for summary judgment. The lack of such documents would infringe upon the Defendants' ability to defend and have the instant matter adjudicated in a just and proper manner. Such documents have never been produced to date. Defendants have no other means of discovering this information other than through the Plaintiff.

For these reasons, the Defendants respectfully request that the Court grant the instant motion to compel the Plaintiff's compliance with its discovery obligations. We thank the Court for its time and consideration in this matter.

Respectfully submitted,

/s/ Younghoon Ji
**AHNE & JI, LLP**
By: Younghoon Ji, Esq.