UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ELOHIM EPF USA, INC.,

                    Plaintiff,                19-cv-2431 (PKC) (SDA)

    -against-                    ORDER ADOPTING REPORT
                                           AND RECOMMENDATION

162 D & Y CORP., et al.,
                    Defendants.
----------------------------------------------------------x

CASTEL, District Judge:

        Plaintiff Elohim EPF USA, INC. ("Elohim") asserts that it is the United States subpublisher for a substantial number of music publishers in the Republic of Korea and controls the right to license compositions for those publishers in the United States. Defendants are operators of karaoke bars in Manhattan, Flushing and Bayside and persons and entities affiliated with these operators. Plaintiff alleges that defendants have infringed copyrighted works to which plaintiff claims the rights and engaged in contributory infringement, vicarious infringement and/or inducement of infringement. At present, Elohim claims infringement on sixteen works.

        The predecessor district judge referred the action to Magistrate Judge Aaron for general pre-trial supervision and eventually for rulings on certain dispositive motions at the close of discovery. Judge Aaron issued a Report and Recommendation ("R&R") recommending denial of Elohim's motion for partial summary judgment and denial of defendants' motions for summary judgment. Following the issuance of the R&R, the case was reassigned to the undersigned.

        Elohim has objected to the R&R, principally to its conclusion that there are genuine issues of fact whether the use of the copyrighted works in private rooms within certain establishments are public performances within the meaning of the statute. Defendants 162 D &

Y Corp. d/b/a Flower Karaoke; Y & P Bayside Corp. d/b/a Happy Karaoke; Musicbox KTV, Inc. d/b/a Music Box K-TV; SS Noblesse House, Inc. d/b/a Noblesse House; Place of Happy & Lucky, Inc. d/b/a The King Karaoke; YS2 Enterprises, Inc. d/b/a CEO Business Club; Sagwa Namoo, Inc. d/b/a Sagwa Namoo; Open Karaoke Corp. d/b/a Open Karaoke; Whitestone Bell, Inc. d/b/a I Luv Luxury Room; Base Karaoke, Inc. d/b/a Base Karaoke; Dong Hyun Ha; Phil Sook Cho; Hyun Hak Yi; Kyung Soon Nam; Anthony Kim; Kyung A. Chung; Ku Ho You; Winnie H. Chung; and Dong Hun Kim (the "Objecting Defendants") object to the R&R, principally to its conclusion that a reasonable fact finder could conclude that Elohim had established a clear chain of title and ownership of valid copyrights and the R&R's failure to conclude that the performances were not public performances as a matter of law.

I have reviewed and considered the entirety of the objections and reviewed the objected portions of the R&R de novo. I conclude that the R&R of Magistrate Judge Aaron is well-reasoned and grounded in fact and in law. It is adopted in its entirety.

DISCUSSION

Elohim and defendants present fundamentally different views on whether the use of the copyrighted materials constitute a public performance within the meaning of the copyright statute. "To 'perform' a work means to recite . . . either directly or by means of any device or process." 17 U.S.C. § 101. In relevant part, "[t]o perform a work 'publicly' means (1) to perform . . . it at a place open to the public or at any place where a substantial number of persons outside of a normal circle of a family and its social acquaintances is gathered. . . ." Id.

Elohim sees the performance of the copyrighted works within an arguably private area of a place otherwise open to the public as a public performance. Defendants do not dispute that the establishment is generally open to the public but assert that no performance takes place

2

in any of these areas, including the bar areas. They assert that patrons are permitted to rent private rooms within the establishment for a set time period during which only the renting party and his or her guests may enter (except for food and beverage service) and, within the confines of that room, the guests may but need not perform karaoke on equipment supplied by the owner of the establishment. Defendants characterize any performance of a copyrighted work that occurs as private and akin to watching a video with a group of friends in a rented hotel room. Compare Columbia Pictures Indus., Inc. v. Aveco, Inc., 800 F.2d 59, 63 (3d Cir. 1986) (concluding that viewing a copyrighted film in a private screening rooms within a public video store was a public performance) with Columbia Pictures Indus., Inc. v. Pro. Real Est. Invs., Inc., 866 F.2d 278, 282 (9th Cir. 1989) (hotel did not commit act of infringement by providing in-room videodisc players and renting videodiscs to its guests).

If the establishment is predominantly in character a public space, despite the presence of small private areas, then the performance of a copyrighted work is public. If the gathering of invitees within the rented space routinely included "a substantial number of persons outside of a normal circle of a family and its social acquaintances," then performance of a copyrighted work would also be a public performance. In either case, a defendant actively facilitating such performance would be liable for contributory or other form of infringement.

At this point the summary judgment record is too sparse and too generic to determine whether any particular defendant operating one of the several establishments at issue has infringed, directly or otherwise, a given protected work. The record would support a finding that the use and rental of private areas within an establishment that is open to the public and the furnishing of karaoke equipment to users on a nightly basis was an established business practice of certain of the defendants. But fact-bound questions remain. At trial, the parties may seek to

offer evidence on such details as the physical layout, the size and proximity of the public areas in relation to the private areas, whether doors to private areas are invariably kept closed, whether sound travels outside the private areas and whether users of the private areas routinely allow casual acquaintances to enter. At the close of evidence, the trial record may, indeed, permit the Court to rule as a matter of law that the work is performed publicly.

The conclusion reached here is consistent with Judge Engelmayer's decision on a motion to dismiss an infringement action by the owner of the rights to songs that were allegedly performed in private rooms within karaoke establishments. Lee v. Karaoke City, 18 cv 3895 (PAE), 2020 WL 5105176, at *8 (S.D.N.Y. Aug. 31, 2020).[1] As here, the plaintiffs argued that the karaoke establishments were open to the public and hence any performance within the establishments was public as a matter of law. Id. Defendants countered that the rooms within the establishments were more akin to private rooms in a hotel. Id. Judge Engelmayer concluded that the issue was inherently factual and could only be resolved on a summary judgment or at trial. Id. In this case, the facts are genuinely disputed by the parties and cannot be resolved on a summary judgment motion and thus a trial is necessary.

Judge Aaron concluded that it was not necessary to reach the issue of whether Elohim's right to sue on the copyrights had been established as a matter of law because of his conclusion on the public performance issue. True, a certificate of registration issued within five years "shall constitute prima facie evidence of the validity of the copyright and the facts stated in the certificate." 17 U.S.C. § 410.[2] Registrations are subject to judicial notice because

---

[1] Contrary results have been reached elsewhere. See Lee v. eBay, 17-cv-05179-SVW-E, 2018 WL 1941974, at *4 (C.D. Cal. Feb. 8, 2018) (describing performance as conducted "somewhat privately" and granting summary judgment as to a limited number or works performed in the establishments of two defendants), aff'd sub nom. Lee v. Rosen Music Studio, 776 F. App'x 435 (9th Cir. 2019); Elohim EPF USA, Inc. v. Total Music Connection, Inc., 14 cv 02496-BRO (EX), 2015 WL 12655556 (C.D. Cal. Oct. 1, 2015) (limited description of the areas where performance takes place).
[2] 14 of the 16 works have copyright registrations fall within the five-year period.

they are publicly filed with the United States Copyright Office. See, e.g. Island Software and Computer Service, Inc. v. Microsoft Corp., 413 F.3d 257, 261 (2d Cir. 2005) (district courts are entitled to take judicial notice of federal copyright registrations). On the summary judgment motion, Elohim sought to enforce rights on 14 works on which it holds the copyright and the registration was issued within five years. It asserts that it owns the exclusive rights to publicly perform the works at issue in the United States through subpublishing agreements with Elohim Korea and Prime M&E, who obtained their rights from the original songwriters. Defendants challenge the claim of title in 25 works.[3] Specifically, it disputes the validity of the transfer of these rights relying in part upon Korea Music Copyright Association search results and the Korean Digital Copyright Exchange. None of the evidence proffered by defendants established, as a matter of law, that Elohim does not have the right to enforce the copyrights. Because the defendants' evidence was insufficient on its face to defeat Elohim's claims, it was not necessary to rule on Elohim's objections to that evidence.

CONCLUSION

Upon a de novo review of such parts of the R&R to which objections have been made and considering all of the arguments of the parties, including those not expressly referenced herein, the Court adopts the R&R. Rule 72(b)(3), Fed. R. Civ. P. The Clerk is directed to terminate the motions. (Doc. 186, 215, 220, 230, 238.)

This schedule applies to the remaining proceedings prior to trial:

1. Elohim's proposed voir dire, proposed verdict sheet, proposed jury instructions and its motions in limine shall be filed by July 22, 2022, with a copy of the voir dire, verdict sheet and jury instructions delivered to defendants and to Chambers in MS Word format. Also, by July 22, 2022,

---

[3] The Objecting Defendants confine their present objection to 16 claimed songs. (Doc. 243-1 at 2.)

Elohim shall deliver to defendants in MS Word format its portion of the proposed Joint Pre-Trial Order.  (See Rule 26(a)(3), Fed. R. Civ. P., and the Court's Individual Practices at para. 6(a).)

2. Defendants' proposed voir dire, proposed verdict sheet, proposed jury instructions, their motions in limine and their responses to Elohim's motions in limine shall be filed by August 19, 2022, with a copy of the voir dire, verdict sheet and jury instructions delivered to Elohim and Chambers in MS Word format.  Also, by August 19, 2022, defendants shall deliver in MS Word format to Elohim their portion of the proposed Joint Pre-Trial Order merged with plaintiffs' portion.

3. By September 1, 2022, Elohim shall file its response to defendants' motions in limine.  Also by September 1, 2022, the parties shall file the proposed Joint Pre-Trial Order.

4. The Final Pre-Trial Conference will be held on September 21, 2022, at 3 p.m. in Courtroom 11D.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       June 9, 2022