UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ELOHIM EPF USA, INC.,

                          Plaintiff,                        19-cv-2431 (PKC)

      -against-                                   ORDER

162 D & Y CORP., et al.,

                          Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Elohim EPF USA, Inc. ("Elohim") moves for the entry of default judgment against three defendants in this case: Norae Hahnun Jib d/b/a Open Karaoke ("Open Karaoke"), Sweetie & VIP, Inc. d/b/a I Luv Luxury Room ("Sweetie"), and G S Global Corp. d/b/a Red ("Global"). (ECF 291.)

        For the reasons that will be explained, the Court will grant plaintiff's motion for default judgment as to liability only. Elohim's claims against an additional 25 defendants are scheduled to be tried to a jury beginning on July 6, 2023. The Court will defer its ruling on statutory damages, injunctive relief and attorneys' fees until the resolution of Elohim's claims against the remaining defendants.

        Elohim commenced this action when it filed a complaint on March 19, 2019. (ECF 1.) Affidavits of service reflect that Elohim served the Complaint upon Open Karaoke on April 16, 2019, Sweetie on April 22, 2019, and Global on April 16, 2019. (ECF 34, 36, 92.) Defendants Open Karaoke and Sweetie did not answer or appear, and the Clerk of Court issued certificates of default against them on November 4, 2019. (ECF 57, 59.)

Global appeared and filed an Answer on June 20, 2019. (ECF 12.) On August 27, 2021, Magistrate Judge Aaron issued an Order granting a motion to withdraw that was filed by Global's counsel. (ECF 177.) The Order stated that if Global did not appear by counsel before September 27, 2021, Elohim was to seek a certificate of default. (Id.) Global thereafter made no appearance, and the Clerk issued a certificate of default on October 6, 2021. (ECF 210.) "'It is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55, Fed. R. Civ. P.'" Grace v. Bank Leumi Trust Co. of NY, 443 F.3d 180, 192 (2d Cir. 2006) (quoting SEC v. Research Automation Corp., 521 F.2d 585, 589 (2d Cir. 1975)).

Elohim filed this motion for default judgment on January 20, 2023. (ECF 291.) More than three years have now elapsed since certificates of default were issued as to Open Karaoke and Sweetie, and more than 18 months have elapsed since the certificate of default was issued as to Global. None of the three has since appeared or otherwise communicated an intention to defend the action.

Elohim adequately alleges the Court's personal jurisdiction over each defendant. Open Karaoke, Sweetie and Global are each alleged to operate a karaoke business in Queens. (2d Am. Compl't ¶¶ 25, 33, 39.) Elohim adequately alleges that venue is proper in this District because one or more of the defendants may be found in the District, 28 U.S.C. § 1391(b)(1), specifically including karaoke establishments located in Manhattan. (Id. ¶¶ 3, 7, 10.) The Court's subject matter jurisdiction is properly invoked pursuant to the Copyright Act. (Id. ¶ 1.)

Elohim brings claims of copyright infringement, contributory copyright infringement, vicarious copyright infringement and inducing copyright infringement. (Id. ¶¶ 64-

115.)  "[A] default is an admission of all well-pleaded allegations against the defaulting party." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006) (quotation marks omitted).  The Second Amended Complaint asserts that each defendant publicly performs and/or causes musical compositions to be publicly performed in their karaoke establishments.  (2d Am. Compl't ¶ 49.)  Elohim asserts that it is the exclusive subpublisher in the United States and Canada of certain Korean musical compositions, and has registered those compositions with the United States Copyright Office.  (Id. ¶¶ 52, 55.)

The chairman and CEO of Elohim asserts that he personally visited the karaoke establishments owned and operated by Open Karaoke, Sweetie and Global, where he publicly performed karaoke on compositions for which Elohim had U.S. copyright registrations.  (Cha Dec. ¶¶ 6-7 (ECF 293).)  Elohim asserts that defendants have infringed its exclusive copyrights by making its compositions available for public performance without first obtaining a license.  (Id. ¶¶ 5-8.)  Elohim also asserts that defendants continued to exploit Elohim's compositions after they received cease-and-decease letters and were served with the complaint in this action, which Elohim asserts is evidence of willfulness.  (Id. ¶¶ 7, 9.)

The Court concludes that Elohim has demonstrated its entitlement to the entry of default judgment as to liability against Open Karaoke, Sweetie and Global.

The Court will defer decision on Elohim's application for damages and injunctive relief until the resolution of its claims against the remaining 25 defendants.  Elohim urges that a hearing on damages is unnecessary because the damages it seeks are readily ascertainable.  Elohim seeks $2,400,000 in statutory damages from each of Open Karaoke, Sweetie and Global, a figure that reflects a $150,000 award for each of the sixteen registered compositions that defendants purportedly infringed.  See 17 U.S.C. § 504(c).  A trial record and any damages

awarded by a jury will be useful to the Court in determining the appropriate statutory damages to be paid by the three defaulting defendants.  Similarly, the Court will be better-positioned to weigh Elohim's application for permanent injunctive relief after Elohim presents its evidence at trial.

Accordingly, the Court will defer its ruling on Elohim's application for damages, injunctive relief and attorneys' fees.  Elohim may renew its application after its claims against the other 25 defendants have been tried or otherwise resolved.

CONCLUSION.

Plaintiff's motion for entry of default judgment against Open Karaoke, Sweetie and Global is GRANTED as to liability only.  The Clerk is respectfully directed to terminate the motion.  (ECF 291.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
April 26, 2023