

**TESSER | GROSSMAN**
L L P
ATTORNEYS

11990 SAN VICENTE BOULEVARD
SUITE 300
LOS ANGELES, CALIFORNIA 90049
TEL 310.207.4558
FAX 424.256.2689
www.tessergrossman.com

December 19, 2023

*[handwritten notes in margin, partially legible: "Time to submit Proposed Final Judgment is extended to January 12, 2024 and response due January 19, 2024. A any motion for attorney's fees is due 14 days after entry of judgment and otherwise comply with Rule 54(d)(2)(B). The party opposing attorney fees shall respond 14 days thereafter and movant may respond 7 days thereafter. SO ORDERED. PKC USDJ 12-19-23"]*

**VIA ECF**
Judge P. Kevin Castel
United States Courthouse
Courtroom 11D
500 Pearl Street
New York, New York 11D

> **Re:**   **Elohim EPF USA, INC. vs. 162 D&Y Corp., et al.**
> **Civil Case No.: 1:19-cv-02431 (PKC)**

Dear Judge Castel:

This firm represents plaintiff Elohim EPF USA, Inc. ("Elohim") in the above-referenced action. Elohim's counsel respectfully requests a two-week extension to file a Proposed Final Judgment consistent with the Court's Findings of Fact and Conclusions of Law [ECF 369]. Elohim's counsel will be on vacation and out of the office during the week of December 25, 2023 and through portions of the first week of January, and has multiple depositions and filing deadlines during the week of December 18th.

The current deadline for Elohim to file the Proposed Final Judgment is December 29, 2023. Elohim's counsel requests a new filing deadline of January 12, 2024, with a response deadline for the defendants of January 19, 2024.

Elohim further requests leave to file a Motion for Prevailing Party Attorney's Fees and Costs in light of paragraph 67 of the Court's Conclusions of Law [ECF 369], which suggests Elohim abandoned its rights to seek such relief. This is incorrect. Elohim did not knowingly waive or abandon such relief. Moreover, under the Copyright Act of 1976, the court may "award a reasonable attorney's fee to the prevailing party as part of the costs." These fees may be awarded to a prevailing party only if the plaintiff has registered its copyrighted work and the infringement upon which the suit was based commenced after the effective date of the registration. 17 U.S.C. § 412. Other than this precondition, there are no other statutory requirements that a prevailing party must satisfy to move for fees and costs. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) ("attorney's fees are to be awarded to prevailing parties… as a matter of the court's discretion").

Fees and costs should be awarded not only because Elohim clearly prevailed, but also because the defendants' frivolous delays, discovery games, and sharp litigation tactics unnecessarily extended this lawsuit for almost five years. See *Fogerty, supra,* 510 U.S. at 534 (the attorney's fee award inquiry is guided

Case 1:19-cv-02431-PKC-SDA   Document 370   Filed 12/19/23   Page 2 of 3

Honorable P. Kevin Castel
United States District Court, Southern District of New York
December 19, 2023

by nonexclusive factors including frivolousness, motivation (*i.e.*, delay)[1], unreasonableness, and the need for compensation and deterrence).

If the Court is not inclined to permit Elohim to file a Motion for Attorney's Fees and Costs, it respectfully requests a two-week extension to file the Proposed Final Judgment so that it can concurrently file a Motion for Reconsideration or in the alternative a Motion for Relief pursuant to Fed. R. Civ. P. 60 in connection with paragraph 67 of the Findings of Fact and Conclusions of Law. At the time counsel filed Elohim's Proposed Findings of Fact and Conclusions of Law, they did not presume that Elohim would prevail and did not know to what extent attorney's fees and costs (which are still accruing), would be warranted, or the amount, so they planned on filing a Motion for Attorney's Fees and Costs pursuant to 17 U.S.C. § 505, post-trial, if Elohim prevailed.

Notably, Elohim has consistently sought its prevailing party fees and costs throughout this action. Elohim not only requested fees and costs in the operative Complaint and Pre-Trial Memorandum, but it also sought them in the Motion for Default Judgments as to defendants Norae Hahnun Jib d/b/a Open Karaoke, Sweetie & VIP, Inc. d/b/a I Luv Luxury Room, and G S Global Corp. d/b/a Red [ECF 291]. The Court granted the Motion for Default Judgments as to liability but deferred "its ruling on Elohim's application for damages, injunctive relief and **attorneys' fees**" and authorized Elohim to "renew its application [for fees and costs] after its claims against the other… defendants have been tried or otherwise resolved." [ECF 306]. (Emphasis added.)

Elohim did not waive or abandon its right to file a motion for prevailing party fees and costs pursuant to 17 U.S.C. § 505 and *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). It intends to renew its application for fees and costs as to the defaulted defendants and requests leave to move for fees and costs against the other defendants as well. If the absence of a demand for prevailing party fees from the Proposed Findings of Fact and Conclusions of Law affects Elohim's right to seek those fees and costs, the absence was an inadvertent mistake and Elohim respectfully requests a two-week extension to file the Proposed Final Judgment to include an award of fees and costs subject to a concurrently filed Motion for Reconsideration or Motion for Relief, and if necessary, a Motion for Attorney's Fees and Costs.

With respect to the request for a two-week extension, Elohim notes that the defendants routinely asked for extensions and they were granted [ECF 162 and 259].

Finally, Elohim should not be prejudiced by the absence of a demand for attorney's fees and costs in the *Proposed* Findings of Fact and Conclusions of Law. Defendants, on the other hand, will not be prejudiced by a motion for fees. They have been aware of Elohim's position and constantly reminded of it in pleadings and correspondence since March 19, 2019 [ECF 1; ECF 71; ECF 140; ECF 291; ECF 306; ECF 313].

---

[1] Defendants delay because the longer they tie up rights holders like Elohim in litigation, the longer they do not have to pay license fees.

Honorable P. Kevin Castel
United States District Court, Southern District of New York
December 19, 2023

       We appreciate Your Honor's time and consideration of this matter, and should the Court need any further information we are available at the Court's convenience.

Respectfully submitted,

Robert Paredes
TESSER | GROSSMAN, LLP