# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELOHIM EPF USA, INC., a California Corporation,<br><br>   Plaintiff,<br><br>  vs.<br><br>162 D & Y CORP., a New York corporation d/b/a FLOWER KARAOKE, *et al.*<br><br>   Defendants. | Case No.: 1:19-cv-02431 (PKC) (SDA)<br>[Hon. P. Kevin Castel, Ctrm 11D]<br><br>**[PROPOSED] FINAL JUDGMENT** |

Plaintiff Elohim EPF USA, Inc. ("Elohim") filed a Complaint in the above-captioned matter for direct copyright infringement, contributory copyright infringement, vicarious copyright infringement, and inducing copyright infringement against defendants 162 D & Y Corp. d/b/a Flower Karaoke ("Flower Karaoke"), Y & P Bayside Corp. d/b/a Happy Karaoke ("Happy Karaoke"), Musicbox KTV, Inc. d/b/a Music Box K-TV ("Music Box K-TV"), SS Noblesse House, Inc. d/b/a Noblesse House ("Noblesse House"), Place of Happy & Lucky, Inc. d/b/a The King Karaoke ("The King Karaoke"), YS2 Enterprises, Inc. d/b/a CEO Business Club ("CEO Business Club"), Sagwa Namoo, Inc. d/b/a Sagwa

Namoo ("Sagwa Namoo"), Open Karaoke Corp. d/b/a Open Karaoke ("Open Karaoke"), Base Karaoke, Inc. d/b/a Base Karaoke ("Base Karaoke"), Sing Sing Bell, Inc. d/b/a Christmas Karaoke ("Christmas Karaoke"), M & S. Music Studio, Inc. d/b/a Gagopa Karaoke ("Gagopa Karaoke"), Bizmax NY, Inc. d/b/a Wow Karaoke ("Wow Karaoke"), Norae Hahnun JIB dba Open Karaoke ("Open"), Sweetie & VIP, Inc. dba I Luv Luxury Room ("Sweetie"), and G S Global Corp. dba Red ("Red") (collectively, the "Establishment Defendants"), Dong Hyun Ha ("Ha"), Phil Sook Cho ("Cho"), Hyun Hak Yi ("Yi"), Kyung Soon Nam ("Nam"), Anthony Kim ("A. Kim"), , Ku Ho You ("You"), Dong Hun Kim ("D. Kim", Jin E. An ("An"), Hye Kyung Han ("Han"), and Li Beom Kim ("L. Kim") (collectively, the "Individual Defendants"). Collectively, the Establishment Defendants and the Individual Defendants are the "Defendants." Elohim also filed the same claims against defendants Whitestone Bell, Inc. d/b/a I Luv Luxury Room, Kyung A. Chung, and Winnie H. Chung.

On July 14, 2023, the matter was called to a bench trial. Plaintiff and Defendants appeared by their respective attorneys of record. At the trial, Elohim consented to dismissal with prejudice of the claims against Whitestone Bell, Inc. d/b/a I Luv Luxury Room, Kyung A. Chung, and Winnie H. Chung.

On December 18, 2023, the Court issued its Opinion and Order Findings of Fact and Conclusions of Law [ECF 369] (the "Opinion"). The Court made the following findings of fact and conclusions of law:

A.  "Elohim asserts that the defendant karaoke establishments have infringed its registered copyrights for seven musical compositions: "So Cool," "Push Push," "Sal Man Jji Go," Ni Kka Jit Ge," "Ga Sik Geol," Bae A Pa," and "Hot Boy" (the "Disputed Works")." [Opinion, Findings of Fact ¶ 1].

B.   Elohim proved by a preponderance of the evidence that the Defendants are liable for direct infringement of Elohim's performance rights and display rights over the Disputed Works.  [Opinion, Conclusions of Law ¶ 34].

C.   "Elohim has proved by a preponderance of the evidence that the [I]ndividual [D]efendants are vicariously liable for any infringement activity that occurred at the defendant establishments."  [Opinion, Conclusions of Law ¶ 38].

D.   "The Court will award statutory damages to Elohim in the amount of $3,500 per work infringed, to be awarded jointly and severally against each defendant karaoke establishment and each individual defendant sued in his or her capacity as the establishment's owner."  [Opinion, Conclusions of Law ¶ 56].

E.   "The record in this case requires "Ni Kka Jit Ge," "Ga Sik Geol," "So Cool," and "Push Push" to be treated as 'one work' for the purpose of awarding statutory damages.  Statutory damages will therefore be awarded once for the infringing use of any of the four songs.  Separate statutory damages will be awarded for the infringing use of each of "Bae A Pa," "Hot Boy," and "Sal Man Jji Go."  [Opinion, Conclusions of Law ¶ 64].

F.   Elohim did not prove contributory infringement against any Defendant.  [Opinion, Conclusions of Law ¶ 36].

G.   Elohim did not prove inducement of copyright infringement against the Defendants.  [Opinion, Conclusions of Law ¶ 40].

The Court has considered the evidence presented at trial and the Court's previous orders and rulings, including but not limited to the Court's Order granting Elohim's motion for default judgment against Open, Sweetie, and Red [ECF 306].

Accordingly, the Court has determined that a Final Judgment is proper on the terms stated herein:

It is therefore, **ORDERED, ADJUDGED AND DECREED** that:

**I.**     **<u>Damages Awards</u>**

     A.     Elohim shall have and recover damages from 162 D & Y Corp. d/b/a Flower Karaoke and Dong Hyun Ha, jointly and severally, in the amount of $10,500 for the infringement of "Sal Man Jji Go," "Ga Sik Geol" and "Bae A Pa."

     B.     Elohim shall have and recover damages from Y & P Bayside Corp. d/b/a Happy Karaoke and Phil Sook Cho, jointly and severally, in the amount of $10,500 for the infringement of "Sal Man Jji Go," "Bae A Pa," and the songs "So Cool" and "Ga Sik Geol," the latter two songs constituting one work for the purposes of awarding statutory damages under the Copyright Act.

     C.     Elohim shall have and recover damages from Musicbox KTV, Inc. d/b/a Music Box K-TV and Anthony Kim, jointly and severally, in the amount of $10,500 for the infringement of "Sal Man Jji Go," "Bae A Pa," and the songs "So Cool," "Push Push" and "Ni Kka Jit Ge," the latter three songs constituting one work for the purposes of awarding statutory damages under the Copyright Act.

     D.     Elohim shall have and recover damages from SS Noblesse House, Inc. d/b/a SS Noblesse House and Yinhua Huang, jointly and severally, in the amount of $10,500 for the infringement of "Sal Man Jji Go," "Bae A Pa" and the songs "Ga Sik Geol" and "Push, Push," the latter two songs constituting one work for the purposes of awarding statutory damages under the Copyright Act.

E.   Elohim shall have and recover damages from Place of Happy and Lucky d/b/a The King Karaoke in the amount of $7,000 for the infringement of "Sal Man Jji Go," and the songs "Push Push," "Ni Kka Jit Ge" and "Ga Sik Geol," the latter three songs constituting one work for the purposes of awarding damages under the Copyright Act.

F.   Elohim shall have and recover damages from YS2 Enterprises, Inc. d/b/a CEO Business Club and Hyun Hak Yi , jointly and severally,  in the amount of $3,500 for the infringement of "Ga Sik Geol."

G.   Elohim shall have and recover damages from Sagwa Namoo, Inc. d/b/a Sagwa Namoo and Kyung Soon Nam, jointly and severally, in the amount of $3,500 for the infringement of "Hot Boy."

H.   Elohim shall have and recover damages from Base Karaoke, Inc. d/b/a K-2 Karaoke f/k/a Base Karaoke and Dong Hun Kim, jointly and severally, in the amount of $10,500 for the infringement of "Sal Man Jji Go," "Bae A Pa," and the songs "So Cool," "Push Push" and "Ga Sik Geol," the latter three songs constituting one work for the purposes of awarding statutory damages under the Copyright Act.

I.   Elohim shall have and recover damages from Open Karaoke Corp. d/b/a Yulrin Karaoke a/k/a Open Karaoke and Ku Ho You, jointly and severally, in the amount of $10,500 for the infringement of "Sal Man Jji Go," "Bae A Pa" and the songs "Ni Kka Jit Ge" and "Ga Sik Geol," the latter two songs constituting one work for the purposes of awarding statutory damages under the Copyright Act.

J.   Elohim shall have and recover damages from Sing Sing Bell, Inc. d/b/a Christmas Karaoke and Jin E. An, jointly and severally, in the amount of $10,500 for the infringement of "So Cool," "Sal Man Jji Go" and "Bae A Pa."

K.     Elohim shall have and recover damages from Bizmax NY, Inc. d/b/a Wow Karaoke and Ki Beom Kim, jointly and severally, in the amount of $10,500 for the infringement of "Sal Man Jji Go," "Bae A Pa," and the songs "So Cool," "Push Push" and "Ni Kka Jit Ge," the latter three songs constituting one work for the purposes of awarding statutory damages under the Copyright Act.

L.     Elohim shall have and recover damages from M & S Music Studio, Inc. d/b/a Gagopa Karaoke and Hye Kyung Han, jointly and severally, in the amount of $14,000 for the infringement of "Sal Man Jji Go," "Bae A Pa," "Hot Boy," and the songs "Push Push" and "Ga Sik Geol," the latter two songs constituting one work for the purposes of awarding statutory damages under the Copyright Act.

M.     Elohim shall have and recover damages from Norae Hahnun JIB d/b/a Open Karaoke in the amount of $14,000 for the infringement of "Bae A Pa," "Hot Boy," "Sal Man Jji Go," and the songs "Ni Kka Jit Ge," "Ga Sik Geol," "So Cool," and "Push Push," the latter four songs constituting one work for the purposes of awarding statutory damages under the Copyright Act.

N.     Elohim shall have and recover damages from Sweetie & VIP, Inc. d/b/a I Luv Luxury Room in the amount of $14,000 for the infringement of "Bae A Pa," "Hot Boy," "Sal Man Jji Go," and the songs "Ni Kka Jit Ge," "Ga Sik Geol," "So Cool," and "Push Push," the latter four songs constituting one work for the purposes of awarding statutory damages under the Copyright Act.

O.     Elohim shall have and recover damages from G S Global Corp. d/b/a Red in the amount of $14,000 for the infringement of "Bae A Pa," "Hot Boy," "Sal Man Jji Go," and the songs "Ni Kka Jit Ge," "Ga Sik Geol,"

"So Cool," and "Push Push," the latter four songs constituting one work for the purposes of awarding statutory damages under the Copyright Act.

P.    Elohim's claims against "I Luv Luxury Room", K. Chung, and W. Chung were dismissed with prejudice.

## II.   Post-Judgment Interest

A.    Elohim shall have and recover post-judgment interest on the damages referenced in section I.A. through I.O. above.  Interest shall be "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961.  Post-judgment interest shall accrue from the date the judgment is signed until the date the judgment is satisfied.

## III.  Attorney's Fees and Costs

A.    Subject to a 17 U.S.C. § 505 motion for an award of reasonable attorney's fees to the prevailing party in a copyright action, Elohim shall have and recover from Defendants its attorney's fees and costs in an amount the Court deems reasonable and necessary for services provided by its attorneys in this action.

## IV.   Permanent Injunction

A.    Defendants are enjoined from publicly performing the Disputed Works and they are enjoined from publicly displaying their lyrics.

## V.    Retention of Jurisdiction

A.    Jurisdiction of this matter is retained for the purposes of enabling any of the parties to this Final Judgment to make application to the Court for such further orders and directions as may be necessary or appropriate in

relation to the construction of or carrying out of this Final Judgment, for the modification thereof, for the enforcement of compliance therewith, and for the punishment of violations thereof.

DATED: _____          _____

P. Kevin Castel
United States District Judge

**[PROPOSED] FINAL JUDGMENT**