UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ELOHIM EPF USA, INC.,

                        Plaintiff,                19-cv-2431 (PKC) (SDA)

         -against-                OPINION AND ORDER
                                                 ON FEES AND COSTS

162 D & Y CORP. d/b/a Flower Karaoke, DONG HYUN HA, MANHATTAN ZILLER ZILLER, INC. d/b/a K2 Karaoke, Y & P BAYSIDE CORP. d/b/a Happy Karaoke, PHIL SOOK CHO, SING SING BELL, INC. d/b/a Christmas Karaoke, JIN E. AN, MUSIC BOX KTV, INC. d/b/a Music Box K-TV, ANTHONY KIM, M & S MUSIC STUDIO, INC. d/b/a Gagopa Karaoke, HYE KYUNG HAN, SS NOBLESS HOUSE, INC. d/b/a Noblesse House, YINHUA HUANG, PLACE OF HAPPY & LUCKY INC. d/b/a The King Karaoke, GUNHA SONG, NORAE HAHNUN JIB CORP. d/b/a Open Karaoke, BIZMAX NY, INC. d/b/a WOW Karaoke, LI BEOM KIM, HARMONY KARAOKE KTV, INC. d/b/a Harmony Karaoke, JOSEPH N. ZOINO, SWEETIE & VIP, INC. d/b/a I Luv Luxury Room, YS2 ENTERPRISES, INC. d/b/a CEO Business Club, HYUAN HAK YI, EUNSIK SUN, GS GLOBAL CORP d/b/a Red, DAVID RHEE, SOMETHING 1, INC. d/b/a Something, SUNNY TAE KIM, SAGWA NAMOO, INC. d/b/a Sagwa Namoo, KYUNG SOON NAM, TOMATO 162, INC. d/b/a Tomato Karaoke Room, SUNG LAW KIM, OPEN KARAOKE CORP. d/b/a Open Karaoke, KU HO YOU, DONG HUN KIM, BASE KARAOKE, INC. d/b/a Base Karaoke, NEW MANHATTAN ZILLER ZILLER, INC. d/b/a Base Karaoke,

                        Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.,

Plaintiff Elohim EPF USA, Inc. ("Elohim") moves for attorneys' fees and costs pursuant to 17 U.S.C. § 505.  (ECF 378.)  Following a bench trial, the Court found that the defendant Korean karaoke establishments located in Manhattan and Queens infringed Elohim's performance and display rights in seven disputed songs, and awarded statutory damages against these establishments and their owners in the amount of $3,500 per infringed work.  See Elohim EPF USA, Inc. v. 162 D & Y Corp., 2023 WL 8720149 (S.D.N.Y. Dec. 18, 2023).  Familiarity with this case is assumed.

Weighing the relevant factors for a fee-shifting application under section 505, the Court concludes that defendants' legal arguments were not objectively unreasonable and that an award of fees and costs in this case would not advance the goals of the Copyright Act.  See Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197 (2016); Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).  Elohim's motion for fees and expenses will be denied.

The Copyright Act gives a district court discretion to award costs and reasonable attorneys' fees to the prevailing party.  17 U.S.C. § 505.  Section 505 does not provide for attorneys' fees "as a matter of course."  Fogerty, 510 U.S. at 533.  Courts may look to "several nonexclusive factors" on the application, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  Id. at 535 n. 19 (quotation marks omitted).  Courts should place "substantial weight on objective reasonableness . . . ."  Kirtsaeng, 579 U.S. at 207.  "Courts every day see reasonable defenses that ultimately fail (just as they see reasonable claims that come to nothing); in this context, as in

any other, they are capable of distinguishing between those defenses (or claims) and the objectively unreasonable variety." Id. at 208.

"[O]bjective reasonableness can be only an important factor in assessing fee applications – not the controlling one." Id. "[I]n any given case a court may award fees even though the losing party offered reasonable arguments (or, conversely, deny fees even though the losing party made unreasonable ones). For example, a court may order fee-shifting because of a party's litigation misconduct, whatever the reasonableness of his claims or defenses. Or a court may do so to deter repeated instances of copyright infringement or overaggressive assertions of copyright claims, again even if the losing position was reasonable in a particular case." Id. at 208-09 (internal citation omitted). A successful section 505 application advances the Copyright Act's goals of encouraging and rewarding authors' creations while enabling others to build on that work. Id. at 204.

Elohim is the United States subpublisher of Korean-language musical compositions. It filed the Complaint in this action on March 19, 2019, and the case was assigned to then-District Judge Nathan. (ECF 1.) Elohim originally asserted that 35 named defendants and 20 Doe defendants infringed its copyrights on 25 musical compositions. Many defendants answered and appeared, though some did not, and default judgment was entered against them. (See ECF 157, 376.) Elohim filed a First Amended Complaint on January 20, 2020 and a Second Amended Complaint on October 30, 2020. (ECF 71, 140.)

Both sides moved for summary judgment after the close of discovery. Judge Nathan referred the motion to Magistrate Judge Aaron to hear and report. (ECF 201.) Magistrate Judge Aaron recommended the denial of Elohim's motion, explaining that it ultimately was a jury issue as to whether "public performances" under the Copyright Act took

place in the defendant establishments. Elohim EPF USA, Inc. v. 162 D & Y Corp., 2022 WL 2531345, at *3-4 (S.D.N.Y. Mar. 12, 2022). Defendants urged that judgment should be granted in their favor because no reasonable jury could find that Elohim held valid copyrights in all 25 of the disputed compositions. Id. at *4. In response, Elohim agreed that it did "not have complete chain of title" for nine compositions, and voluntarily withdrew its claims as to those works. Id. As to the remaining compositions, Magistrate Judge Aaron concluded that defendants' contentions about KOMCA records, Korean translation issues and copyright certificates raised issues of fact as to ownership. Id. at *4-8. This case was subsequently reassigned to the Undersigned, and the Court adopted the Report and Recommendation. See 2022 WL 2072565 (S.D.N.Y. June 9, 2022).

On July 13, 2023, the day before trial commenced, Elohim withdrew its claim of infringement as to nine more compositions. (ECF 347.) It explained that it had been unable to corroborate its rights in those nine compositions and wanted "to streamline the trial." (Id. at 2-3.) Thus, from the initial 25 compositions alleged to be infringed, Elohim proceeded to trial on seven. Elohim's claims against three defendants were dismissed in their entirety because those defendants were not alleged to have infringed any of the remaining seven works. (ECF 354.)

Trial commenced on July 14, 2023. The Court's 51-page Opinion and Order, Findings of Fact and Conclusions of Law reviewed the evidence of infringement of Elohim's display and performance rights in the seven songs at each of the 12 defendant establishments. (ECF 369; see also 2023 WL 8720149.) Much of the evidence and the Court's analysis related to KOMCA records on the assignment of rights over the compositions, the performance and display of the compositions at defendants' establishments, and whether the defendant establishments hosted "public performances." See id. The Court concluded that defendants

were liable for direct infringement but that Elohim did not prove contributory infringement or inducement of infringement.  See id.  The Court awarded statutory damages in the amount of $3,500 for each work infringed, and concluded that under the Copyright Act, the songs "Ni Kka Jit Ge," "Ga Sik Geol," "So Cool" and "Push Push" were registered as a "single work" in the form of an album, meaning that they were "one work" for the purpose of awarding statutory damages.  Id. at 23-24.

        The Court concludes that defendants' legal and factual positions were not objectively unreasonable.  Defendants' challenges to Elohim's assignment of rights after the close of discovery resulted in Elohim withdrawing its claims as to 18 of the 25 compositions.  Elohim acknowledged that "[t]his is the first time anyone has challenged Elohim's rights to these songs . . . ."  (ECF 347 at 3.)  The Court found that Elohim threatened litigation against karaoke establishments without identifying the infringed works and apparently without first investigating whether infringing activities actually occurred.[1]  Elohim also successfully urged that four of the compositions constituted a "single work" for the purpose of awarding statutory damages under the Copyright Act.  2023 WL 8720149, at *23.  The Court also rejected defendants' argument that the KOMCA records defeated the assignment of Brave Brother copyrights to Elohim.  See id. at *5-7.  But this required a fact-intensive and detailed analysis of the KOMCA records and KOMCA's role in international copyright management.  See id.  The purposes of the Copyright Act are advanced when a party raises a serious, if ultimately unsuccessful, challenge to a plaintiff's assignment because it ensures that the copyright is being protected by its lawful

---

[1] See 2023 WL 8720149, at *12 ("A recipient of these letters would not know which songs Elohim claimed to own or what songs were claimed to be unlawfully performed and displayed at the recipient's establishment.  The 2017 letters appear to predate any of Elohim's visits to defendants' establishments for the purpose of determining whether defendants had infringed Elohim's performance rights. The letters did not give their recipients intelligent notice of any purportedly infringing conduct or any reason to believe that Elohim had a meritorious claim for copyright infringement. The admonition in the letter of April 16, 2018 that the recipient should 'not listen' to attorney advice or rely on licenses from ASCAP or BMI gives the communication the quality of a shakedown.").

owner. See Fogerty, 510 U.S. at 527 ("defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.").

Elohim also asserts that defendants' arguments about the "public performance" of karaoke were "frivolous" and objectively unreasonable. (Pl. Mem. 14-16.) The Court disagrees. As noted, Elohim was denied summary judgment on this issue, and the Court analyzed in detail the public nature of the defendant karaoke establishments. It is true that several non-binding authorities have concluded as a matter of law that similar Korean karaoke businesses hosted public performances. Defendants' contrary position was not objectively unreasonable, however, and the purposes of the Copyright Act were advanced by litigating this contested issue on a full record in a trial on the merits.

Separately, a court may properly consider "litigation misconduct" on a section 505 fee-shifting motion. Kirtsaeng, 579 U.S. at 209. It is true that discovery was protracted and defendants failed to meet Court-ordered deadlines early in the case. On February 11, 2020, Magistrate Judge Aaron granted a motion to compel filed by Elohim, ordered defendants to respond to Elohim's discovery requests and sanctioned defense counsel $750 to compensate Elohim's counsel for its work on the motion to compel.[2] (ECF 84.) Elohim filed a motion to strike the Answer of 19 defendants for failure to comply with discovery orders, though it later withdrew that motion. (ECF 102, 135.) Six defendants initially defaulted and the Clerk of Court issued Certificates of Default against them; Elohim did not move for the entry of default judgment, and after the defaulting defendants appeared, Judge Nathan granted those defendants' motion to the vacate the Certificates of Default, over Elohim's opposition. (ECF 51, 53-56, 58,

---

[2] The sanctioned attorney was a partner at Kim & Cha, LLP. (ECF 84.) Younghoon Ji of Ahne & Ji was later substituted as defense counsel (ECF 153, 284) and was defendants' trial counsel in this case.

157.) After the close of discovery, defendants successfully moved to reopen discovery for a 60-day period. (ECF 156, 162.) The limited discovery was contentious, and included the denial of a motion to compel filed by defendants. (ECF 185.)

Elohim also points to defendants' reluctance to consent to trying the claims to the Court instead of a jury. All three iterations of Elohim's complaint included a jury demand, as did defendants' answers. (ECF 1, 71, 140, 12, 132, 141, 142.) After the Final Pretrial Conference, defendants agreed to try Elohim's claims to the Court, and the parties filed a stipulation to withdraw their respective jury demands. (ECF 308.) Elohim urges that because defendants "insist[ed]" on a jury trial, counsel expended "hundreds of hours" preparing verdict forms, a draft jury charge and other trial documents. (Pl. Mem. at 7.) Elohim also notes that defendants refused to engage in settlement discussions or mediation. (Pl. Mem. at 8.)

Elohim's frustrations do not merit an award of fees under section 505. Defendants' failure to meet discovery deadlines early in the case led to a successful motion to compel and a sanction against defense counsel. The matter was ably handled by Magistrate Judge Aaron and does not warrant further relief. The remaining points identified by Elohim do not fall under the label of "litigation misconduct." The vacatur of certain certificates of default and the extension of discovery were the products of judicial rulings adverse to Elohim. Defendants ought not be subject to section 505 fee-shifting because they were hesitant about consenting to a bench trial after Elohim itself previously demanded a jury, or because they chose to litigate the case through trial instead of agreeing to settle.

Other relevant factors on a section 505 motion include the parties' motivations, deterrence and compensation. See Fogerty, 510 U.S. at 534 n.19. Defendants vigorously opposed plaintiffs' claims and there is no basis to conclude that they acted with an improper

motive.  The Court weighed the goals of deterrence and compensation in its determination of statutory damages.  2023 WL 8720149, at *22.  These factors do not support Elohim's motion.

CONCLUSION.

Plaintiff's motion for fees and costs is DENIED.  The Clerk is respectfully directed to terminate the motion.  (ECF 378.)

SO ORDERED.

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: New York, New York
April 29, 2024